James D. Gardner (8798)
M. Lane Molen (11724)
SNELL & WILMER L.L.P.
15 W. South Temple, Ste. 1200
Salt Lake City, UT  84101
Telephone:  (801) 257-1900
Facsimile:   (801) 257-1800
Email:  jgardner@swlaw.com
            lmolen@swlaw.com

*Attorneys for Defendants Wachovia Mortgage
Corporation and Wells Fargo Bank, N.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JAMES BLACKMORE,**<br><br>          Plaintiff,<br>vs.<br><br>**WACHOVIA MORTGAGE CORPORATION,** f.k.a. WOLD SAVINGS BANK**; WELLS FARGO BANK, NATIONAL ASSOCIATION,** and **DOES 1-10,**<br><br>          Defendants. | **MEMORANDUM DECISION and ORDER GRANTING MOTION TO DISMISS**<br><br>Case No.  2:12-CV-250-DN<br><br>Judge David Nuffer |

Defendants Wachovia Mortgage Corporation, f.k.a. World Savings Bank ("Wachovia") and Wells Fargo Bank, N.A. ("Wells Fargo" and together with Wachovia, the "Defendants"), filed their Motion to Dismiss for Failure to State a Claim on April 30, 2012 (the "Motion").[1]  The Motion to Dismiss was unopposed by Plaintiff James Blackmore ("Plaintiff").  On that basis alone, this Court may grant the Motion to Dismiss.  See DUCivR 7-1(d).

---

[1] Docket No. 13.

The facts set forth herein are taken from Plaintiff's Complaint[2] and/or public records and therefore were presumed to be true for purposes of the Motion:

On or about January 17, 2007, Plaintiff James Blackmore, along with Kathryn Blackmore, executed a deed of trust (the "Trust Deed") to secure the performance of loan obligations under a promissory note in connection with a residential loan (the "Note"). World Savings Bank was named as Beneficiary under the Loan documents. (Complaint, ¶¶ 17-18.) The Trust Deed secured the residential property, in Washington County. (Id. at ¶ 1.) Plaintiff subsequently defaulted on his obligation to make timely monthly payments and as a result, a Notice of Default was recorded on or about November 7, 2008 with the Washington County Recorder's Office. (Id. at ¶ 34.)

The Complaint generally alleges a number of claims in connection with the foreclosure of Property in Washington County that secured the obligations under a January 17, 2007 promissory note signed by Plaintiff. (See generally, id.) Specifically, the Complaint contains nine causes of action, all of which fail as a matter of law. The Court adopts the reasoning set forth in Defendants' unopposed *Memorandum in Support of Motion to Dismiss* and states as follows:

First Cause of Action. Plaintiff's First Cause of Action for Declaratory Relief alleges that the Defendants lack standing to foreclose on the Property. This claim is based upon an allegation that Plaintiff has not been shown the original promissory note. This Court has repeatedly held, however, that "Utah law on non-judicial foreclosure contains no requirement that the beneficiary produce the actual note in order to authorize the trustee to foreclose on the property secured by the note." McGinnis v. GMAC Mortgage Corp., No 2:10-CV-301TC, 2010 U.S. Dist. LEXIS 90286, 2010 WL 3418204 at *2 (D. Utah Aug. 27, 2010); Wade v. Meridias et

---

[2] Docket no. 5.

al, Case No. 2:10-CV-998 DS, 2011 U.S. Dist. LEXIS 28414 (D. Utah Mar. 17, 2011); Fowler v. ReconTrust Company, N.A., No. 2:10-CV-1143 DS, 2011 U.S. Dist. LEXIS 24793 (D. Utah Mar. 10, 2011). Based on these grounds, the Court dismisses this cause of action as a matter of law.

Second Cause of Action. Plaintiff's Second Cause of Action is for injunctive relief. As discussed herein, Plaintiff has not, and cannot, prevail on his underlying claims and therefore there is no basis for granting an injunction. The Court dismisses this cause of action as a matter of law.

Third Cause of Action. Plaintiff's Third Cause of Action for Negligent Misrepresentation alleges that Defendants made misrepresentations in connection with Plaintiff's desire to obtain a loan modification including that he would "not be in foreclosure until it made a decision on the loan modification" under the Home Affordable Modification Program (HAMP). However, HAMP did not entitle Plaintiff to a loan modification from Defendants and Plaintiff cannot bring claims based on HAMP because HAMP provides no private right of action. James v. Wells Fargo Bank, NA, Case No. 2:10-CV-1205 TS, 2011 U.S. Dist. LEXIS 53077, at *7 (D. Utah May 17, 2011); Shurtliff v. Wells Fargo Bank, N.A., 2010 U.S. Dist. LEXIS 117962, at *10 (D. Utah Nov. 5, 2010) (unpublished).

Moreover, this cause of action is barred by the economic loss doctrine. See Gallagher v. Alliance Bancorp, 2011 U.S. Dist. LEXIS 75778, at *10-11 (D. Utah July 13, 2011) (unpublished). Based on these grounds, the Court dismisses this cause of action as a matter of law.

Fourth Cause of Action. Plaintiff's Fourth Cause of Action for "Breach of the Implied Covenant to Negotiate in Good Faith and Fair Dealing" alleges that Plaintiff was told that if he was current on his Loan he would not qualify for a HAMP modification, and that Defendants

told him his modification application was being processed but ultimately did not grant him a modification of his Loan.  As set forth above, Plaintiff cannot bring claims based on HAMP because HAMP provides no private right of action.

Moreover, the Defendants had no obligation to Plaintiff to modify his loan or to follow any particular procedures in the course of considering his application for a loan modification because such an obligation would serve to establish new, independent rights or duties not contemplated under the contract.  The implied covenant cannot be used to "establish new, independent rights or duties to which the parties did not agree." <u>Oakwood Vill. L.L.C. v. Albertsons, Inc.</u>, 104 P.3d 1226, 1240 (Utah 2004).

Finally, this claim is barred by the statute of frauds because it involves an allegation of a verbal modification to the contract.  "Any alleged oral agreement to modify the original note and deed of trust is barred by Utah's statute of frauds, which requires the loan agreement to be in writing."  <u>Brockbank v. JPMorgan Chase Bank, N.A.</u>, 2012 U.S. Dist. LEXIS 48496 (D. Utah Apr. 4, 2012) (citing Utah Code Ann. § 25-5-3 and <u>Zion's Properties, Inc. v. Holt</u>, 538 P.2d 1319, 1322 (Utah 1975)).  Based on these grounds, the Court dismisses this cause of action as a matter of law.

<u>Fifth Cause of Action</u>.  Plaintiff's Fifth Cause of Action for "Detrimental Reliance" alleges that Wachovia representatives told him that he should not make his mortgage payments "due to the ongoing modification and change of servicing."  Plaintiff further alleges that he relied on these representations to his detriment by not making payments, and that foreclosure proceedings ensued as a result.  This is really another claim for negligent misrepresentation and as a result fails for the same reasons set forth above.  Further, Plaintiff could not have reasonably relied upon such a representation because it is contrary to the Trust Deed he signed, which plainly states that the property could be foreclosed if Plaintiff fails to make monthly payments.

Moreover, Plaintiff could not have reasonably relied upon such a representation because he does not also allege that he was told that being delinquent was the only qualification for obtaining a loan modification or that by becoming delinquent he was guaranteed to have a loan modification.  Based on these grounds, the Court dismisses this cause of action as a matter of law.

Sixth Cause of Action.  Plaintiff's Sixth Cause of Action for "Breach of Contract – Third Party Beneficiary" alleges that Plaintiff is a "third party donee beneficiary" of HAMP contracts entered into between Wachovia and agents or entities of the United States government.  This claim fails because, as set forth above, Plaintiff is not entitled to a modification under HAMP and has no private right of action to enforce any HAMP provision.  Further, courts around the country have, "with near unanimity" rejected borrowers' claims to being a third-party beneficiary to the HAMP agreement between the lender and the federal government.  Gale v. Aurora Loan Servs., 2011 U.S. Dist. LEXIS 53577 (D. Utah May 18, 2011) (unpublished).  Based on these grounds, the Court dismisses this cause of action as a matter of law.

Seventh Cause of Action.  Plaintiff's Seventh Cause of Action alleges that the Defendants violated the Utah Consumer Sales Practices Act ("UCPSA").  However, the Loan was not a "consumer transaction" under the scope of UCSPA.  See Utah Code Ann. § 13-11-3(2); see also Ayala v. Am. Home Mortg. Servicing, 2011 U.S. Dist. LEXIS 84625 (D. Utah June 8, 2011) (unpublished).  None of the Defendants qualify as a "supplier" as defined under UCSPA.  See Utah Code Ann. § 13-11-3(6).  Further, UCSPA does not apply to conduct regulated by other state or federal law, such as mortgage loans.  See Utah Code Ann. § 13-11-22(1)(a).  Based on these grounds, the Court dismisses this cause of action as a matter of law.

Eighth Cause of Action.  Plaintiff's Eighth Cause of Action alleges violations of the Utah Truth in Advertising Act.  This claim fails because Plaintiff does not allege that he provided

notice to Defendants before filing this lawsuit, as he was required to do under the Utah Truth in Advertising Act.  See Utah Code Ann. § 13-11a-4(5).  Nor were any "goods and services" involved here as defined under the Utah Truth in Advertising Act.  "Goods and services" are defined under the Advertising Act as "all items which may be the subject of a sales transaction." Utah Code Ann. § 13-11a-2(4).  Thus, neither the original loan agreement nor any potential loan modification can be the subject of a "sales transaction" as Plaintiffs allege.  Based on these grounds, the Court dismisses this cause of action as a matter of law.

     Ninth Cause of Action.  Plaintiff's Ninth Cause of Action alleges Defendants violated 12 U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act ("RESPA") by failing to properly respond to a purported Qualified Written Request ("QWR").  Plaintiff's correspondence allegedly sought evidence that Defendants had the original "properly negotiated promissory note" and also sought information regarding the Loan's reinstatement and/or payoff.  This cause of action fails because the Plaintiff's queries to Defendants were not requests for information about the servicing of Plaintiff's loan.  King v. Am. Mortg. Network, 2010 U.S. Dist. LEXIS 92210, at * 5-6 (D. Utah Sept. 1, 2010); Moore v. FDIC, 2009 U.S. Dist. LEXIS 110979 (N.D. Ill. Nov. 30, 2009).

     Moreover, Plaintiff failed to make any allegations, other than merely conclusory allegations, as to any actual damages suffered as a result of the purportedly deficient response to the alleged QWR.  "RESPA requires borrowers to show actual damages as a result of a failure to . . . respond or delay in responding to the QWR." Thayne v. Taylor, Bean & Whitaker Mortg. Co., 2010 U.S. Dist. LEXIS 94721, at *7 (D. Utah September 10, 2010) (citing 12 U.S.C. § 2605).  Based on these grounds, the Court dismisses this cause of action as a matter of law.

## ORDER

Based upon the above, and the reasoning more fully set forth in Defendants' *Memorandum in Support of Motion to Dismiss*, and Plaintiff's failure to respond, and for good cause appearing, it is HEREBY ORDERED THAT:

1. The Motion to Dismiss is GRANTED; and

2. All claims brought in the above-captioned case against any of the named Defendants shall be and hereby are dismissed, with prejudice. Each party will pay its own costs and fees. The clerk is directed to close this case.

DATED this 8th day of February, 2013.

BY THE COURT:

David Nuffer
U.S. District Court Judge